UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BOISE CASCADE CORPORATION,

Plaintiff,

v.

PAPER ALLIED-INDUSTRIAL CHEMICAL AND ENERGY WORKERS (PACE), LOCAL 7-0159

Defendants.

Civil Action No.

**STIPULATION AND ORDER TO AMEND COMPLAINT**

---

The parties hereto, by and through their respective counsel of record, hereby stipulate and agree that Plaintiff Boise Cascade Corporation be granted leave to Amend its Complaint to Vacate Arbitration Award in the above-captioned matter. The amendment shall be consistent with Exhibit 1 attached to the Proposed Order.

Date: January 12, 2001

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

By: ______________________

Marko J. Mrkonich (#125660)
Thomas R. Revnew (#295620)
3110 Multifoods Tower
33 South 6th Street
Minneapolis, Minnesota 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR PLAINTIFF BOISE CASCADE CORPORATION**

FILED JAN 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Date: January 3, 2001

By: [signature]

Joan G. Hill
PACE International Union
3340 Perimeter Hill Drive
Nashville, TN 37211

Paul W. Iverson
WILLIAMS & IVERSON, P.A.
Attorneys at Law
1611 West County Road B - #208
Roseville, MN 55113

**ATTORNEY FOR DEFENDANT PAPER ALLIED-INDUSTRIAL CHEMICAL AND ENERGY WORKERS (PACE), LOCAL 7-0159**

# ORDER

Pursuant to the Stipulation of the parties as set forth above, and good cause appearing, in the above entitle matter, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff is granted leave to amend its Complaint consistent with Exhibit 1 attached hereto.

2. Plaintiff serve and file its Amended Complaint by January 23, 2001.

3. Defendant preserves its right to assert all defenses it may have to Plaintiff's newly amended complaint in its amended answer.

4. Defendant's Amended Answer should be served and filed within ten days after service of the Amended Complaint.

Dated: January 17, 2001

BY THE COURT

Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BOISE CASCADE CORPORATION,

Plaintiff,

v.

PAPER ALLIED-INDUSTRIAL CHEMICAL AND ENERGY WORKERS (PACE), LOCAL 7-0159

Defendants.

Civil Action No.

**AMENDED COMPLAINT TO VACATE ARBITRATION AWARD**

Plaintiff BOISE CASCADE CORPORATION alleges as follows:

**JURISDICTION**

1. This is an action to vacate the final and binding decision and award ("the Decision and Award") of Arbitrator Richard John Miller ("the Arbitrator"), pursuant to a collective bargaining agreement between the employer, Boise Cascade Corporation and the labor organization, the Paper Allied-Industrial Chemical and Energy Workers International Union, Local 7-0159 (hereinafter PACE Local 7-0159).

2. Jurisdiction is conferred upon this Court by section 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185 and 28 U.S.C. § 1337(a) (action arising under federal law regulating commerce).

**VENUE**

3. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b), in that all of the Defendants reside in or may be found in this District.

**PARTIES**

4. Plaintiff BOISE CASCADE CORPORATION ("Boise Cascade") is a Delaware corporation. The operations in question are in an industry affecting commerce within the meaning of sections 2(6), 2(7), and 301 of the LMRA, 29 U.S.C. §§ 152(6), 152(7), and 185.

5. Defendant PACE Local 7-0159 ("the Union") is an unincorporated association

**EXHIBIT 1**

known as labor organization which represent employees in an industry effecting interstate commerce within the meaning of section 301 of the LMRA.

6. Plaintiff and Defendant Union are parties to a collective bargaining agreement that commenced on May 1, 1999 and expires on April 30, 2004 ("the Agreement"). A true and correct copy of the Agreement is attached as Exhibit A.

7. Article 14 of the Agreement between Boise Cascade and the Union describes the sole and exclusive procedure for the determination, decision, adjustment or settlement of any and all grievances between the parties.

8. Nancy Burmeister ("Burmeister") is a member of Local 7-0159 and covered under the Agreement between Boise Cascade and the Union.

## FACTUAL BACKGROUND

9. On January 30, 1997, Burmeister was placed on a Last Chance Agreement for, among other things, attendance issues after missing a total of 45 days of work and two separate instances where she failed to report to work as scheduled and further failed to call in advance to notify Boise Cascade of her inability to attend work. A true and correct copy of the January 30, 1997 Last Chance Agreement is attached as Exhibit B.

10. Under the terms of the January 30, 1997 Last Chance Agreement, among other things, Burmeister was required to avail herself to the Boise Cascade Employee Assistance Program.

11. Under the terms of the January 30, 1997 Last Chance Agreement, Burmeister was also notified that further violation of any mill rule and/or failure to comply with the terms of the Last Chance Agreement could result in immediate termination. The January 30, 1997, Last Chance Agreement expired without Burmeister violating it.

12. On May 7, 1998, Burmeister was placed on another Last Chance Agreement after reporting to work at Boise Cascade with a blood-alcohol content of 0.28. A true and correct copy of the May 7, 1998 Last Chance Agreement is attached as Exhibit C.

13. Under the terms of the May 7, 1998 Last Chance Agreement, Burmeister was

required to avail herself to the Boise Cascade Employee Assistance Program ("EAP") and successfully complete the counseling program recommended by the EAP.

14. The May 7, 1998, Last Chance Agreement notified Burmeister "[f]urther violation of any mill rules and/or failure to comply with the Terms and Conditions of this letter could result in your immediate termination."

15. On October 22, 1999, Burmeister failed to report to work as scheduled and failed to call in advance to her supervisor.

16. Burmeister knew and admitted at the arbitration hearing that her failure to report to work or to call in advance on October 22, 1999 was a violation of a mill rule and the May 7, 1998 Last Chance Agreement and that this violation could have led to her immediate termination.

17. On October 27, 1999, Burmeister met her supervisor and union representative. During the meeting, Burmeister was warned that her failure to report to work or to call in advance on October 22, 1999 violated the May 7, 1998 Last Chance Agreement.

18. On October 27, 1999, Burmeister was also warned that she was expected to be at work as scheduled, that no more late call-ins would be accepted, and that the May 7, 1999, Last Chance Agreement was indeed her last, last chance.

19. On February 11, 2000, Burmeister did not report to work as scheduled nor did she call her supervisor prior to the start of the shift or at any time that day.

20. Burmeister knew that her failure to report to work as scheduled or to call in advance on February 11, 2000, violated a mill rule, as well as the terms of the May 7, 1998 Last Chance Agreement.

21. On February 14, 2000, a meeting was held between Boise Cascade and the Union to discuss Burmeister's absence on February 11, 2000.

22. After the February 14, 2000 meeting, Burmeister's employment was terminated effective February 11, 2000.

23. After Burmeister's employment was terminated, the Union filed a grievance

pursuant to the grievance procedure outlined under Article 14 of the collective bargaining agreement between the parties. Pursuant to Articles 14 and 15 of the collective bargaining agreement, the grievance proceeded to arbitration

24. The parties mutually selected Arbitrator Richard John Miller to resolve the dispute. The arbitration was held in International Falls, Minnesota on August 9, 2000.

25. The arbitrator issued his Decision and Award on September 14, 2000. A true and correct copy of the Decision and Award is as Exhibit D.

26. In relevant part, the Arbitrator Miller ignored the plain language of the May 7, 1998 Last Chance Agreement as well as the Agreement and ordered that Burmeister be reinstated to her former position with full seniority. Arbitrator Miller also ordered Burmeister be paid back pay from March 9, 2000 to the date of her reinstatement.

27. Although Burmeister admitted that she violated a mill rule by not reporting to work or calling in advance of her absence on February 11, 2000, Arbitrator Miller ignored the plain language of the May 7, 1998 Last Chance Agreement by ordering Boise Cascade to reinstate Burmeister based upon the fact that the rule she violated was not published.

**CLAIM TO VACATE ARBITRATION AWARD**

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. In rendering his decision, Arbitrator Miller exceeded the authority granted to him under the terms of the Agreement between the parties.

30. In rendering his decision, Arbitrator Miller ignored the plain language of the Agreement and the May 7, 1998 Last Chance Agreement to enforce his own notions of industrial justice.

31. Arbitrator Miller's Decision and Award does not draw its essence from the May 7, 1998, Last Chance Agreement. Rather, in rendering his decision, Arbitrator Miller dispensed his own brand of industrial justice.

**PRAYER FOR RELIEF**

WHEREFORE, Boise Cascade prays as follows:

1. That the Court issue an order that the September 14, 2000 Decision and Award of Arbitrator Miller be vacated and set aside;

2. That the Court order the Union to pay Boise Cascade's attorneys' fees and costs incurred in bringing this action; and

3. That the Court order such other and further relief as it deems just and proper.

Date: January _____, 2001

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

By: ______________________________

Marko J. Mrkonich (#125660)
Thomas R. Revnew (#295620)
3110 Multifoods Tower
33 South 6th Street
Minneapolis, Minnesota 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR PLAINTIFF BOISE CASCADE CORPORATION**